RECEIVED
IN ALEXANDRIA, LA.
MAR 0 8 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JIMMIE WILSON | : | DOCKET NO. 08-1748 |
| VS. | : | JUDGE TRIMBLE |
| ROBERT M. GATES, SECRETARY OF DEFENSE | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. #16) field by defendant, Robert M. Gates, the Secretary of Defense, wherein the mover seeks to dismiss Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure 56. Plaintiff has filed no opposition to this motion.

### FACTUAL STATEMENT

The Army Air Force Exchange Service ("AAFES") operates a Shopette located on Fort Polk Army Post in Louisiana.[1] Plaintiff, Jimmie Wilson, was employed by AAFES at Fort Polk for 19 years.[2] In July 2006, Mr. Wilson was employed as the shift manager and had served in that capacity for approximately 13 months.[3]

On May 30, 2006, at approximately 2:30 a.m., Bryan Landry, a military police officer, observed Mr. Wilson, while working as shift manager for the Shopette, sell a 12 pack of beer to a

---

[1] Government exhibit A, Declaration of Michael Lantham.

[2] *Id.* at ¶ 2.

[3] *Id.* at ¶ 3.

person under the age of 21 ( a "minor") without checking his identification.[4] Shortly thereafter, the Fort Polk Military Police stopped a vehicle in which the minor was a passenger.[5] Mr. Landry states in his Declaration that the minor was visibly intoxicated, and when stopped, he had an open container, and he possessed the beer with the receipt that he had purchased from Mr. Wilson.[6] The minor's blood alcohol level was later determined to be .231%. He was cited for purchase and public possession of an alcoholic beverage, having an open container in a vehicle, underage drinking, and impersonating a non-commissioned officer.[7]

Mr. Wilson was cited by Officer Landry for unlawful sale of alcohol to a minor.[8] Mr. Wilson admitted to Officer Landry that he had not asked the minor for identification, but later signed a sworn statement that he believed the minor appeared to be at least 25 years of age.[9] On May 31, 2006, Mr. Wilson admitted to his supervisor, Ms. Annie Marbury, that he sold beer to the minor.[10] He also admitted to Michael Lanham, the Shoppette manager, that he did not check the minor's identification for age requirements prior to selling him the alcohol.[11]

---

[4] Government exhibit B, ¶ 2, Declaration of former Military Police Officer, Brian Landry.

[5] *Id.* at ¶ 5.

[6] *Id.*

[7] *Id.*

[8] *Id.* at ¶ 6.

[9] *Id.* at ¶ 4.

[10] *Id.* at ¶ 8.

[11] Government exhibit A, ¶ 5, Declaration of Michael Lanham.

On June 21, 2006, Mr. Wilson was issued an advance notice of separation for cause.[12] On July 13, 2006, Mr. Wilson responded in writing to the separation from employment and denied previous statements that he had made.[13] On July 28, 2006, Mr. Wilson was terminated.[14]

On January 24, 2007, Mr. Wilson was adjudicated guilty for the offense of selling alcohol to a minor and ordered to pay a fine by the Honorable Magistrate Judge Kirk.[15] Mr. Wilson appealed the ruling and thereafter, Judge Minaldi dismissed the appeal for failure to comply with a prior order.[16]

Mr. Wilson protested his separation from AAFES by submitting an Adverse Action Appeal. The evidentiary hearing was held at Fort Polk on March 29, 2007. Neither Mr. Wilson, nor his attorney appeared at the hearing.[17] The Hearing Officer upheld the separation.[18]

On November 20, 2008, Mr. Wilson filed the instant lawsuit alleging that he was terminated as a result of his race, African-American, in violation of Title VII of the Civil Rights Act.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable

---

[12] *Id.* at ¶ 4.

[13] *Id.,* at ¶ 6.

[14] *Id.,* ¶ 9.

[15] *USA v. Wilson,* Docket no. 07-cr-20014, doc. #6.

[16] *Id.,* at doc. #14.

[17] Government exhibit F.

[18] Government exhibit G.

to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[19] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[20] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[21] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[22] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[23] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[24] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[25] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[26]

---

[19] Fed. R.Civ. P. 56(c).

[20] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[21] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[22] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[23] *Anderson*, 477 U.S. at 249.

[24] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[25] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[26] *Anderson*, 477 U.S. at 249-50.

## LAW AND ANALYSIS

The evidentiary framework for analysis of Title VII disparate treatment claims was established by the Supreme Court in *McDonnell Douglas Corp. v. Green.*[27] In order to overcome a motion for summary judgment on a Title VII discrimination claim, the plaintiff must first establish, by a preponderance of the evidence, a *prima facie* case of discrimination.[28]

When a plaintiff in a discriminatory discharge case does not have direct evidence of discriminatory motive, the plaintiff must initially prove that (1) he is a member of a protected group; (2) he was qualified for the job that he held; (3) he was discharged, constructively or otherwise; and (4) after his discharge, others who were not in the protected class remained in similar positions.[29] The *primae facie* case of discrimination, once established, raises an inference of intentional discrimination, and the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions.[30] The defendant's burden is satisfied by producing evidence, which "taken as true, would permit the conclusion that there was a non-discriminatory reason for the adverse action."[31] The burden then shifts back to the plaintiff to establish pretext and the ultimate

---

[27] 411 U.S. 792 (1973).

[28] *Id.* at 802-04; *Manning v. Chevron Chemical Co.*, 332 F.3d 874 (5th Cir. 2003); *Haynes v. Pennzoil Co.*, 207 F.3d 296, 300 (5th Cir. 2000); *Shackleford v. Dloitte & Touche*, 190 F.3d 398, 404 (5th Cir. 1999).

[29] *Vaughn v. Edel*, 918 F.2d 517, 521 (5th Cir. 1990); *Mayes v. Office Depot, Inc.*, 292 F.Supp.2d 878, 888 (W.D. La. 2003).

[30] *McDonnell Douglas*, 411 U.S. at 802.

[31] *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509 (1993).

question of whether the defendant intentionally discriminated against plaintiff.[32] A plaintiff may either, (1) substantiate her claim of pretext by demonstrating that discrimination lay at the heart of the employer's decision,[33] or (2) submit sufficient evidence to conclude that race was a "motivating factor" for the employer's decision.[34] The ultimate burden of proving intentional discrimination, however, still rests at all times with the plaintiff.[35]

Defendant maintains that because Mr. Wilson is unable to establish a *prima facie* case of discrimination, the complaint must be dismissed. Specifically, Mr. Wilson cannot demonstrate that he was treated differently than similarly situated employee in "nearly identical" circumstances.[36] Defendant further maintains that Mr. Wilson cannot show that any similarly situated employees outside his protected class were treated more favorably. Defendant argues that Mr. Wilson is unable to prove that a similarly situated, non-black employee, in any circumstance, or in a nearly identical circumstance was treated more favorably. Plaintiff has failed to respond to the motion for summary judgment and therefore has failed to present this Court with any arguments or evidence to establish a genuine issue for trial as to whether his employer treated employees outside the protected class more favorably or that he was treated differently than a similarly situated employee. Thus, the Court finds that Plaintiff has failed to establish a *prima facie* case of race discrimination.

Even if Mr. Wilson had submitted summary judgment evidence to establish a *prima facie*

---

[32] *Haynes v. Pennzoil Co.,* 207 F.3d at 300.

[33] *Rubenstein v. Adm'rs. of the Tulane Educ. Fund,* 218 F.3d 392, 400 (5th Cir. 2000).

[34] *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 123 S.Ct. 2148, 2155 (2003).

[35] *Hicks,* 509 U.S. at 507.

[36] See *Little v. Republic Refining Co.,* 924 F.2d 93, 97 (5th Cir. 1991).

case of race discrimination, the Defendant has articulated a legitimate, non-discriminatory reason for its decision to terminate Mr. Wilson's employment. There is no factual dispute that Mr. Wilson sold alcohol to a minor and admitted doing so. Mr. Wilson also admitted that he failed to check the minor's identification prior to selling the alcohol. In fact, Mr. Wilson was adjudged guilty and sentenced for selling alcohol to a minor.

When an employer articulates a reason for its action, the burden then shifts to plaintiff to establish that the reason proffered was not a true reason, but was a mere pretext for discrimination.[37] Pretext is established when the complainant shows that the employer's legitimate non-discriminatory reason was false, and that discrimination was the real reason for the disputed action.[38] Mr. Wilson has failed to show that the Defendant's proffered reason for his termination was a mere pretext for discrimination.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice all claims against the Defendant.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of March, 2010.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[37] *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248 (1981).

[38] *Barrow v. New Orleans,* 10 F.3d 292, 298, n. 22 (5th Cir. 1994); *Grimes v. Texas,* 102 F.3d 137 (5th Cir. 1996).